## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **CORNERSTONE CONSULTING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 4:11cv0503 TCM** |
| | ) |
| **HOME DEPOT, U.S.A., INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Pending in this action is a motion by defendant, Home Depot, U.S.A., Inc. (Home Depot), to transfer the case to the United States District Court for the Northern District of Georgia or, alternatively, to dismiss for improper venue and a motion by plaintiff, Cornerstone Consulting, Inc. (Cornerstone), to compel arbitration and stay proceedings.[1]

The action began with the filing in state court of a two-count complaint[2] by Cornerstone against Home Depot for breach of a January 2002 Property Tax Consulting Agreement (the Agreement).  (Compl. ¶ 5-12, ECF 5.)  One provision of the Agreement requires voluntary mediation and, if that is unsuccessful, binding arbitration.  (Compl. Ex. 1 ¶ 17, ECF 1 Ex. 1 at 13.)  The mediation and arbitration are to take place in Atlanta,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

[2]The initial pleading is referred to as a petition in Missouri.  For ease of reference, the Court will employ the term "complaint" used in federal courts.

Georgia.  (Id.)  The Agreement also provides that "any action arising out of [the Agreement] or related thereto shall be brought in either the United States District Court for the Northern District of Georgia, Atlanta Division, or the superior Court of Cobb County, Georgia."  (Id. ¶ 24.)  Cornerstone opposes the motion only on the grounds that the "court's only function in this matter will be to compel mediation and/or arbitration" and such functions can be performed by this Court as well as the Northern District of Georgia; therefore, transfer is not warranted.  (Pl.'s Resp. at 2, ECF 9.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "Although there is no exhaustive list of specific factors to consider [when ruling on a motion to transfer], courts have determined that a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'"  **Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 691 (8th Cir. 1997) (quoting Stewart Org., Inc. v. Ricoh Corp. 487 U.S. 22, 29 (1988)).  "Before a district court can even consider a forum selection clause in its transfer analysis, [however,] it first must decide whether the clause applies to the type of claims asserted in the lawsuit."  **Id.** at 692.  This determination is easily made in the instant case.  Cornerstone is suing for breach of the Agreement that includes the forum selection clause.  Indeed, Cornerstone's only objection to the transfer of the case is based on another clause in the Agreement.

The conclusion that the parties' forum selection clause covers their instant dispute does not end the analysis. <u>See</u> **Id.** at 696. Other considerations include the convenience of the parties, the convenience of the witnesses, the interests of justice, "and any other relevant factors when comparing alternative venues. **Id.** at 697.

Consideration of the first three factors militates in favor of transfer. Cornerstone does not dispute that the mediation and arbitration it seeks will take place in Atlanta, Georgia. Thus, a Georgia forum appears to be equally convenient for the parties and the witnesses as a Missouri forum. The interests of justice favor transfer given "the strong presumption of enforceability that attaches to an agreed-to forum selection clause." **Servewell Plumbing, LLC v. Federal Ins. Co.**, 439 F.3d 786, 792 (8th Cir. 2006). Neither party advances any other factor relevant to the venue question.

Accordingly, because consideration of the relevant factors favors transfer of venue to the United States District Court for the Northern District of Georgia,

**IT IS HEREBY ORDERED** that the motion to transfer venue is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that the motion to compel arbitration and stay proceedings is deferred to the United States District Court for the Northern District of Georgia. [Doc. 10]

**IT IS FINALLY ORDERED** that the Clerk of Court shall take all necessary administrative steps to transfer this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of October, 2011.